UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUSUF FARUQ DIXON,

                           Plaintiff,

                      -against-

HON. RACHEL HAHN "THE COURT"; HON.
WAYNE A. HUMPHREY "THE COURT";
WESTCHESTER COUNTY CHILD PROTECTIVE
SERVICES; HON. MARY ANNE SCATTARETICO-
NABER "THE COURT",

                           Defendants.

1:23-CV-5424 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Yusuf Faruq Dixon, who is appearing *pro se*, filed this action without indicating

the jurisdictional basis for his claims, but stating in his complaint that the federal constitutional

or statutory basis for them are "'Yusuf' of America UCC 4A 100-507 'Sovereign Power UCC

7001-7008 Child endangerment – 10 U.S. Code 1919b-Art. 119b [*sic*]."[1] (ECF 1, at 2.) He sues:

(1) Rachel Hahn, a Judge of the New York Family Court, Westchester County; (2) Wayne A.

Humphrey, a Judge of the New York Family Court, Westchester County; (3) Mary Anne

Scattaretico-Naber, a Judge of the New York Family Court, Westchester County;

(4) Westchester County Child Protective Services ("WCCPS"); and (5) Katerina Williams, an

WCCPS employee. Plaintiff seeks: (1) the return of his minor son to his custody; (2) "Physical

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a court submission must
refer to the name of a minor child by using only the child's initials. In his complaint, application
to proceed *in forma pauperis*, and in a subsequently filed letter, however, Plaintiff appears to
reveal the name of his minor son. Accordingly, in an abundance of caution, the Court has
directed the Clerk of Court to restrict electronic access to these documents to a "case participant-
only" basis.

and [his] property over said 'person'" [*sic*]; and (3) $400,000,000,000 in damages.[2] (*Id.* at 7.)

The Court construes Plaintiff's complaint and supplement as asserting claims of federal

constitutional violations under 42 U.S.C. § 1983, as well as claims under state law.

By order dated June 27, 2023, the Court granted Plaintiff's request to proceed *in forma*

*pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court

dismisses Plaintiff's claims under federal law, but grants Plaintiff 60 days' leave to replead, in an

amended complaint, the claims that the Court will specify.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

---

[2] Plaintiff filed a letter after he filed his complaint. (ECF 4.) The Court construes the
letter as a supplement to Plaintiff's complaint.

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Before the Court discusses Plaintiff's allegations in the present complaint, it will recount the procedural history of a previous action that Plaintiff brought in this court.

A.    *Dixon v. Raymant*, **1:22-CV-10910 (S.D.N.Y.) ("*Dixon I*")**

On December 27, 2022, Plaintiff filed a *pro se* action in this court asserting claims against, among other defendants, Defendants Hahn and Williams. (ECF 1:22-CV-10910, 2) (complaint). In his *Dixon I* complaint, Plaintiff appeared to assert claims arising from events that occurred on or about November 30, 2022, concerning what seemed to be a dispute about the custody of Plaintiff's minor son and what appeared to be the then-ongoing proceedings in the New York Family Court, Westchester County, regarding that custody issue. In an order dated April 10, 2023, the Court dismissed that action. *Dixon I*, ECF 1:22-CV-10910, 6 (S.D.N.Y. Apr. 10, 2023). The Court construed Plaintiff's *Dixon I* complaint as asserting claims under 42 U.S.C.

§ 1983. *Id.* at 4. The Court dismissed Plaintiff's claims against Defendant Hahn for damages under the doctrine of judicial immunity and as frivolous. *Id.* at 5. The Court also dismissed Plaintiff's claims, including what appeared to be additional claims against Defendants Hahn and Williams, in which Plaintiff requested this Court's intervention in his Family Court proceedings, under the *Younger* abstention doctrine and the domestic relations abstention doctrine. *Id.* at 6-9. Plaintiff did not appeal.

**B.       The present complaint and supplement**

In the present complaint, Plaintiff alleges that the events that are the bases for his claims took place in the New York Family Court, Westchester County, on December 8, 2022, February 24, 2023, May 3, 2023, June 12, 2023, June 22, 2023, "and more." (ECF 1, at 5.) Plaintiff appears to allege that one of the defendants who is a Family Court judge "direct[ed] the clerks of 'said' court and the court officers to interfere with legal government operation [and] also direct[ed] [WCCPS] to indulge in criminal activity in order to control [the] court proceedings." (*Id.*) Plaintiff also alleges that that Family Court judge "directed [his son's] other parent . . . to indulge in criminal activities" and "outside [of] the courtroom, she has orchestrated bodily harm to individuals," including Plaintiff. (*Id.*) He further alleges that, "knowing that [his] son . . . was in danger due to the other parent['s] . . . using . . . PCP and cocaine and leaving [his] son in the house alone, . . . the [Family Court judge] did not listen." (*Id.*) Plaintiff states that he "took it upon [himself] to call [Child Protective Services] in Albany to . . . get on [WCCPS] . . . to have the other parent . . . drug tested. . . ." (*Id.*) He also states that "after said findings . . . [the Family Court judge] still left [his] son in danger. . . ." (*Id.*)

Plaintiff asserts that Defendant Hahn "cut [his] visitation with [his] son to 4 hours after sending him to [Plaintiff's] . . . sister's house." (*Id.* at 6.) He also asserts that his son's aunt "is

conspiring with [Defendant] Williams (Defamation of Character) and the court to control [his] court proceedings and also [t]hey are distorting the right[e]ous thinking of [his] son. . . ." (*Id.*)

Plaintiff further states that he was told the "wrong court date, so [he would] miss court [and] so they can file a removal of [his] son from his other parent. . . ." (*Id.* at 7.) It appears that Plaintiff's son is currently in foster care. Plaintiff asserts that he "filed [a] paper for [his] son to be returned to [him]. . . . [T]hey all conspired to keep him from [Plaintiff]." (*Id.*) He seems to state that he was required to undergo a mental-health evaluation and participate in parenting classes. (*Id.*)

Among the documents attached to Plaintiff's complaint are the following: (1) an order dated June 22, 2023, issued by Defendant Scattaretico-Naber, in which she dismissed without prejudice Plaintiff's state-court petition for a writ of *habeas corpus* against Defendants Hahn and WCCPS; (2) an order dated May 3, 2023, issued by Defendant Hahn, in which she ordered that Plaintiff "shall have visitation with the subject child . . . on Saturdays or another day as arranged by and between [Plaintiff] and [WCCPS]. All visits shall be at least four hours in duration"; and (3) an order dated June 21, 2021, issued by Defendant Humphrey, in which he dismissed without prejudice Plaintiff's state-court petition for a writ of *habeas corpus* against the Westchester County Court, Defendant Humphrey, and WCCPS. (*Id.* at 9, 20, 21.)

In the supplement to Plaintiff's complaint, Plaintiff states that he is "unable to acquire [Family Court] transcripts[;] it shows the neglect[;] it shows the conspiracy that cause[d] bod[il]y harm, [mental] abuse, not only to [Plaintiff], but to [his] son. . . ." (ECF 4, at 1.) Plaintiff also states that "[i]t show[s] that all [the] [d]efendants [were] giv[en] the authorization[] to carry out criminal activity." (*Id.* at 1-2.) Plaintiff further states that the defendants "have no jurisdiction [and must] return [his] son." (*Id.* at 2.)

**DISCUSSION**

**A.    Private prosecution**

To the extent that Plaintiff brings claims in which he seeks the criminal prosecution of the defendants, the Court must dismiss those claims. Plaintiff cannot initiate a prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against the defendants because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court. . . ." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the criminal prosecution of the defendants, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim.") (internal quotation marks and citation omitted).

**B.    Domestic relations abstention doctrine**

As Plaintiff knows from the Court's previous order in *Dixon I*, federal district courts must abstain from exercising federal question jurisdiction of claims involving domestic relations issues, so long as those claims may be fully and fairly determined in the state courts. *See Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990). For example, a federal district court must abstain from exercising its federal question jurisdiction of claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Id.* (internal quotation marks and citation omitted); *see also Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) ("[T]he domestic relations *abstention* doctrine articulated in *American Airlines*

[applies in federal question cases]. And . . . *American Airlines* remains good law in this Circuit.")
(emphasis in original).

Plaintiff, who appears to be bringing claims under the court's federal question
jurisdiction, under Section 1983, has alleged no facts showing that he cannot fully and fairly
litigate the issue of the custody of his son in the state courts. Thus, to the extent that Plaintiff
asks this Court to either grant him custody of his minor son, or return to him custody of his
minor son, the Court, as it did in *Dixon I*, dismisses such claims under Section 1983 under the
domestic relations abstention doctrine.

**C.      Judicial immunity**

The Court must dismiss, under the doctrine of judicial immunity, Plaintiff's claims
against Defendants Hahn, Humphrey, and Scattaretico-Naber, in their individual capacities, for
damages and injunctive relief, arising from their actions or rulings in Plaintiff's proceedings
before them in the New York Family Court, Westchester County. Under this doctrine, which the
Court also discussed in *Dixon I*, judges are absolutely immune from civil suit for money
damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*,
502 U.S. 9, 11-12 (1991). "[E]ven allegations of bad faith or malice cannot overcome judicial
immunity." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). This is because "[w]ithout
insulation from liability, judges would be subject to harassment and intimidation. . . ." *Young v.
Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Moreover, Section 1983 provides that, "in any action
brought against a judicial officer for an act or omission taken in such officer's judicial capacity,
injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief
was unavailable." 42 U.S.C. § 1983.

There are only two sets of circumstances in which judicial immunity does not apply:
(1) when a judge takes action that is outside the judge's judicial capacity; or (2) when a judge

takes action, that, although judicial in nature, is in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. Plaintiff's allegations suggest that neither of these exceptions applies here. Moreover, "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff's claims against Defendants Hahn, Humphrey, and Scattaretico-Naber, who are all New York Family Court Judges, like Plaintiff's claims against Defendant Hahn in *Dixon I*, appear to arise from those judges' actions and rulings with respect to Plaintiff's Family Court proceedings before those judges. The Court therefore dismisses Plaintiff's claims against those defendants, in their individual capacities, for damages and injunctive relief, arising from their actions and rulings in Plaintiff's proceedings before them in the New York Family Court, Westchester County, under the doctrine of judicial immunity,[3] and consequently, as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *see also Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the IFP statute, 28 U.S.C. § 1915).

---

[3] Plaintiff cannot seek injunctive relief against the individual defendants under Section 1983 because that statute permits injunctive relief against a judge only if a declaratory decree was violated or declaratory relief is unavailable. Declaratory relief was available to Plaintiff in that he could have appealed those judges' actions or rulings. *See generally Berlin v. Meijias*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. Apr. 18, 2018) (effective May 18, 2018).

D.      **WCCPS**

WCCPS, an agency of the County of Westchester, is not a proper party for this action; the

Court therefore dismisses Plaintiff's claims against WCCPS, *see* § 1915(e)(2)(B)(ii), but in light

of Plaintiff's *pro se* status, the Court construes the complaint as asserting claims under Section

1983 against the proper municipal defendant, the County of Westchester. *See Omnipoint*

*Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New

York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F.

Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely

administrative arms of a municipality do not have a legal identity separate and apart from the

municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term

'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

Plaintiff has failed to state a claim on which relief can be granted under Section 1983

against the County of Westchester. When a plaintiff sues a municipality, such as the County of

Westchester, it is not enough for the plaintiff to allege that one of the municipality's employees

or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself

caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011)

("A municipality or other local government may be liable under this section [1983] if the

governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be

subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436

U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). Thus, to state a

claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the

existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice

caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691

F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

In his complaint, Plaintiff appears to identify a series of specific and discrete events involving WCCPS, but does not include any facts suggesting that a policy, custom, or practice of the County of Westchester caused a violation of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against the County of Westchester for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff leave to replead these claims in an amended complaint in which he names the County of Westchester as a defendant and alleges facts sufficient to state a claim under Section 1983 against that municipal defendant.

**E.      Personal involvement**

The Court understands that Plaintiff may be attempting to assert claims under Section 1983 against at least one of the individual defendants, or other individuals, arising from events not involving his Family Court proceedings and, therefore, with respect to the defendants who are Family Court judges, not precluded by the doctrine of judicial immunity. To state a claim under Section 1983 against an individual defendant, a plaintiff must allege facts showing that that individual was directly and personally involved in an alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff

must plead and prove the elements of the underlying constitutional violation directly against the official. . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff alleges facts insufficient to show that any of the individual defendants were directly and personally involved in violations of Plaintiff's federal constitutional rights not involving Plaintiff's Family Court proceedings. The Court therefore dismisses Plaintiff's remaining claims under Section 1983 against the individual defendants for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff leave to replead these claims against the individual defendants (and/or other individuals) in an amended complaint in which he names those individuals as defendants, and in which he alleges facts showing how those individuals were directly and personally involved in the alleged violations of his federal constitutional rights.[4]

**F.    Leave to amend**

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

---

[4] To the extent that Plaintiff asserts claims of conspiracy under Section 1983 against Defendant Williams and/or others, he has failed to state a claim. To state a claim of conspiracy under Section 1983, a plaintiff must allege facts showing: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). Vague and unsupported assertions of a claim of conspiracy will not suffice. *See, e.g., Stoner v. Young Concert Artists, Inc.*, 626 F. App'x 293, 296 (2d Cir. 2015) (summary order); *Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order); *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990). Plaintiff's allegations about a conspiracy between Williams and others and/or between others are conclusory, vague, and without detail. The Court therefore dismisses those claims for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii), but grants Plaintiff leave to replead them in an amended complaint.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that federal district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under Section 1983, the Court grants Plaintiff 60 days' leave to file an amended complaint as to those claims in which the Court has granted him leave to replead. The amended complaint must:

1. Name as the defendant(s) in the caption[5] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal constitutional rights.

2. If the name of a defendant is unknown, the amended complaint may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint, with a description, such as "John Doe Court Officer on duty in the entrance of the courthouse of the New York Family Court, Westchester County, on August 31, 2022."[6]

---

[5] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[6] The naming of "John Doe" or "Jane Doe" defendants, however, does not toll the three-year statute of limitations period governing Section 1983 claims, and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

3.      In its "Statement of Claim," the amended complaint must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

       a.      the names and titles of all relevant people;

       b.      a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

       c.      a description of the injuries Plaintiff suffered; and

       d.      the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, **any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint. Plaintiff may not assert claims in his amended complaint that the Court has dismissed in this order without granting leave to replead.**

**CONCLUSION**

The Court dismisses Plaintiff's claims under federal law for the reasons discussed above, but grants Plaintiff 60 days' leave to replead, in an amended complaint, those claims for which the Court has granted him such leave. If Plaintiff fails to file an amended complaint within the

time allowed, or fails to show cause to excuse such failure, the Court will issue an order:

(1) dismissing Plaintiff's clams under federal law for the reasons discussed above, and;

(2) declining to consider, under the Court's supplemental jurisdiction, Plaintiff's claims under

state law, *see* 28 U.S.C. § 1367(c)(3). In light of Plaintiff's litigation history in this court,

including *Dixon I*, and his failure to heed the Court's numerous previous warnings, the Court

will also direct Plaintiff to show cause why the Court should not bar him from filing any future

civil actions in this court IFP without first obtaining permission from the court to do so.[7]

---

[7] Because of Plaintiff's history of bringing nonmeritorious civil actions in this court, the Court previously repeatedly warned Plaintiff that his continued filing of such actions may result in the Court imposing such a filing injunction upon him. *See Dixon v. Biden*, ECF 1:23-CV-0748, 8 (S.D.N.Y. June 12, 2023) (recounting Plaintiff's litigation history in this court and one of the Court's previous warnings, and reiterating the Court's previous warning "that the continued filing of duplicative or frivolous litigation in this [c]ourt may result in an order barring him from filing new [civil] actions IFP [in this court] without prior permission"); *Dixon v. Wing*, ECF 1:23-CV-0749, 6 (S.D.N.Y. May 5, 2023) (recounting Plaintiff's litigation history and issuing that same warning); *Dixon v. Stauma*, ECF 1:23-CV-0483, 6 (S.D.N.Y. Apr. 12, 2023) (recounting Plaintiff's litigation history and the Court's pervious warning, warning Plaintiff "that should he persist in filing complaints that are determined to be duplicative, frivolous, or otherwise lacking in merit, the [C]ourt will order him to show cause why he should not be barred under 28 U.S.C. § 1651 from filing new [civil] actions IFP [in this court] unless he receives prior permission from the [c]ourt"); *Dixon v. Guterres*, ECF 1:23-CV-0482, 6 (S.D.N.Y. Apr. 3, 2023) (warning Plaintiff that "[f]urther duplicative or frivolous litigation in this [c]ourt will result in an order barring Plaintiff from filing new [civil] actions IFP [in this court] without prior permission").

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 7, 2023
        New York, New York

                                        /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                Chief United States District Judge