UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUSUF FARUQ DIXON,

                Plaintiff,

-against-

HON. RACHEL HAHN "THE COURT," et al.,

                Defendants.

1:23-CV-5424 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated August 7, 2023, the Court dismissed Plaintiff's claims under federal law, but granted Plaintiff, who appears *pro se*, 60 days' leave to replead, in an amended complaint, those claims for which the Court had granted him such leave in that order. (ECF 5.) On October 5, 2023, the court received a letter from Plaintiff in which he appears to request a 90-day extension of time to file an amended complaint in response to that order. (ECF 6.) The Court grants Plaintiff's request in part.

      The Court grants Plaintiff only an additional 60 days' leave to file an amended complaint. As the Court specified in its August 7, 2023 order, if Plaintiff fails to file an amended complaint within the extended time allowed, the Court will issue an order dismissing this action and directing Plaintiff to show cause why the Court should not bar him from filing any future civil actions in this court *in forma pauperis* ("IFP") without first obtaining permission from the court to do so.

      In the Court's August 7, 2023 order, the Court informed Plaintiff that it had directed the Clerk of Court to restrict electronic access to Plaintiff's complaint, IFP application, and a subsequently filed letter to a "case participant-only" basis because Plaintiff had revealed the full name of his minor son in those submissions. (ECF 5, at 1, n.1.) As stated in that order, under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, any reference to the name of a minor

child, in a court submission, must be in the form of the child's name's initials only. (*Id.*) That rule also requires that any reference, in a court submission, to a person's date of birth must be made by referring only to the person's birth year. *See* Fed. R. Civ. P. 5.2(a)(2).

Attached to Plaintiff's letter requesting an extension of time is a document that reveals both his minor son's full name and his son's date of birth. For that reason, the Court has directed the Clerk of Court to also restrict electronic access to that letter to a "case participant-only" basis. The Court warns Plaintiff that any submission that he files in this court, including any amended complaint filed in response to the Court's August 7, 2023 order, must be in compliance with Rule 5.2 of the Federal Rules of Civil Procedure. Thus, any reference he makes to his minor son's name must be made by referring only to his son's name's initials, and any reference to his son's date of birth must be made by referring only to his son's birth year and not to his son's exact date of birth.

SO ORDERED.

Dated:   October 16, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge