UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUSUF FARUQ DIXON,

                Plaintiff,

-against-

HON. RACHEL HAHN "THE COURT," et al.,

                Defendants.

1:23-CV-5424 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated August 7, 2023, the Court dismissed Plaintiff's claims under federal law, but granted Plaintiff, who appears *pro se* and proceeds *in forma pauperis* ("IFP"), 60 days' leave to replead, in an amended complaint, those claims for which the Court had granted him such leave in that order. (ECF 5.) That order also specified that if Plaintiff failed to file an amended complaint, the Court would issue an order: (1) dismissing Plaintiff's claims under federal law for the reasons discussed in that order; (2) declining to consider, under the Court's supplemental jurisdiction, Plaintiff's claims under state law; and (3) directing Plaintiff, in light of his litigation history, to show cause why the Court should not bar him from filing any future civil actions in this court IFP without first obtaining permission from the court to do so. (*Id.*)

      By order dated October 16, 2023, the Court granted Plaintiff a 60-day extension of time to file an amended complaint. (ECF 7.) The Court warned Plaintiff that if he failed to file an amended complaint within the extended time allowed, the Court would dismiss this action and would direct him to show cause why the Court should not bar him from filing any future civil actions in this court IFP without first obtaining permission from the court to do so. (*Id.*)

      Plaintiff has not filed an amended complaint. Accordingly, the Court dismisses this action. The Court dismisses Plaintiff's claims under federal law for the reasons set forth in the

Court's August 7, 2023 order (ECF 5), and declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

In addition, the Court directs Plaintiff to show cause why the Court should not bar him from filing any future civil actions in this court IFP without first obtaining permission from the court to do so. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within 30 days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why the abovementioned filing injunction should not be imposed upon him. If Plaintiff fails to submit a declaration within the time directed, or if his declaration does not set forth good cause why such a filing injunction should not be imposed upon him, the Court will impose such a filing injunction upon him.

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims under federal law for the reasons set forth in the Court's August 7, 2023 order (ECF 5), and declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

The Court also directs Plaintiff to show cause, by declaration, within 30 days of the date of this order, why the Court should not bar him from filing any future civil actions in this court IFP without first obtaining permission from the court to do so. If Plaintiff fails to submit a declaration within the time directed, or if his declaration does not set forth good cause why such a filing injunction should not be imposed upon him, the Court will impose such a filing injunction upon him. A declaration form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court not to enter a judgment dismissing this action as the Court has directed Plaintiff to show cause, by declaration, why the abovementioned filing injunction should not be imposed upon him.

SO ORDERED.

Dated: January 23, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge